UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEPHEN J. CATALANO,

                          Plaintiff,              **INITIAL CONFERENCE AND**
                                                              **CASE MANAGEMENT ORDER**
        - against -

                                                                          CV 17-3471 (LDW) (AKT)

SETERUS, INC.,

                          Defendant.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.       **INITIAL CONFERENCE:  DISCOVERY PLANNING**

        A.       **Conference Date:**    August 9, 2017 at 10:30 a.m.

        B.       **Conference Place:**   Courtroom 910
                                                      United States Federal Courthouse
                                                      100 Federal Plaza
                                                      Central Islip, New York.

        C.       **Appearance in person, familiarity with the case and relevant rules required**. Counsel for each represented party must appear in person for the Initial Conference at the date and time indicated above.

        **PLEASE NOTE:  THE COURT REQUIRES THAT LEAD COUNSEL WHO WILL BE HANDLING THIS MATTER THROUGHOUT THE LITIGATION BE PRESENT FOR EACH AND EVERY APPEARANCE, CONFERENCE (including the INITIAL CONFERENCE), HEARING, ETC. AND BE FULLY FAMILIAR WITH THE FACTS AND PROCEDURAL HISTORY OF THE CASE**.  If lead counsel has a conflict for some reason, he/she must contact the Court by letter posted on ECF sufficiently in advance of the scheduled date to request a new date.  The Court expects counsel to have conferred with opposing counsel and to provide some suggested alternative dates when all counsel are available.
        Any individual who is **representing herself or himself pro se** must also appear in person for the Initial Conference.

        By the time of the conference, each attorney in the case is also expected to be familiar with the Federal Rules of Civil Procedure concerning discovery, *see generally,* Federal Rules of Civil Procedure 16, 26-37, as well as with the Local Civil Rules of this Court, *see generally*, Loc. Civ. R. 5.2-37.3, and with my Individual Practices Rules which can be found at http://www.nyed.uscourts.gov/pub/rules/AKT-MLR.pdf.

II.      **PROPOSED DISCOVERY PLAN**

        A.       **Meet and Confer**.  As soon as practicable, and in any event before the Initial Conference, the parties must meet and confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.

*See* Fed. R. Civ. P. 26(f).  In any case where one side is proceeding pro se, the parties are not required to develop a discovery plan and discovery will be completed in incremental stages.  In that instance, the discovery plan will be discussed and implemented directly at the Initial Conference.

   B. **Initial Disclosures**.  At least two days prior to the Initial Conference scheduled above, each party must provide its Initial Disclosures pursuant to Rule 26(a)(1) unless this proceeding is exempt from such disclosure pursuant to Rule 26(a)(1)(E).  Pro Se litigants are exempt from this requirement.

   C. **Deadline for Electronic Filing of Joint Discovery Plan**.  No later than two business days before the Initial Conference, counsel for the parties must submit, by means of electronic filing on the court's ECF (Electronic Case Filing) system, a Joint Proposed Discovery Plan.

   D. **Contents of the Joint Proposed Discovery Plan**.

    General Requirements.  The Proposed Joint Discovery Plan should include any agreements the parties have reached regarding discovery, and must separately address each item listed in Rule 26(f)(3).  The parties are required, after meeting and conferring, to **complete the attached checklist as part of their discovery plan and file it on ECF at least two days prior to the Initial Conference.**  In particular, the proposed discovery plan should address each of the following items:

    1. **Deadlines and Court Appearances**.  A sample Initial Case Management and Scheduling Order ("CMSO") is attached.  This Initial CMSO will reflect the scheduling of the first phase of discovery, up through the mandatory Discovery Status Conference with the Court.  The first page shows the schedule I will normally direct in the absence of reasons to conclude that a different schedule is warranted. A Final Case Management and Scheduling Order will be entered at the Discovery Status Conference at the mid-point of the discovery period.

    The goal in most cases is to complete discovery and assure that the case is ready for trial (without prejudice to any party's right to make a dispositive motion) in conjunction with the assigned District Judge's Rules.  The parties are certainly free to build in any other intervening deadlines upon which they have agreed for certain activities. Once I have entered a schedule with the parties' input, **the discovery deadlines will be enforced and amended only for good cause.**

    2. **Confidentiality**.  With regard to the parties' preparation of the proposed discovery plan, counsel are also required to complete a preliminary discussion concerning whether a Stipulation and Order of Confidentiality may be needed in the case and to advise the Court accordingly (e.g., medical records, proprietary information, certain types of financial records, intellectual property, personnel records, internal investigations, etc.).

    3. **Electronically Stored Information ("ESI")**.  Pursuant to Rule 26, the parties are also required to specifically address whether there is any electronically stored information ("ESI") which is relevant to the case.  As part of the reporting of the parties' Rule 26(f) planning conference, counsel are directed to provide the Court with a summary of the preliminary discussion concerning (a) what relevant ESI is in the possession, custody or control of both sides, (b) what steps have been taken to comply with the respective party's preservation obligations; (c) any issues concerning accessibility to ESI; and (d) in what specific manner the parties intend to produce ESI.

    4.    **Other Discovery Matters**: The proposed joint discovery plan should address the following, to the extent relevant:

        a.    changes to the presumptive maximum number of interrogatories and depositions allowed under the rules (normally 25 interrogatories, including sub-parts, and 10 depositions);

        b.    the number and types of expert witnesses each party anticipates;

        c.    whether there are any sources of discoverable material that warrant specific planning, such as medical (HIPAA releases) or employment records held by non-parties; and

        d.    whether there are subject matter limitations on discovery, or other procedural mechanisms that will help to identify or narrow the issues in dispute without undue delay or expense.

## III.    ELECTRONIC FILING AND CONTACT INFORMATION

All filings by counsel must be submitted electronically pursuant to Administrative Order 2004-08. The lead attorney for each party must be registered with the Court's ECF system and must file a Notice of Appearance in this action so that he or she will be personally notified of all filings. The Court also expects that any attorney appearing in the case will file a Notice of Appearance to ensure that proper e-mail notifications from the Court are received by all attorneys working on the case. The parties are under a continuing obligation to keep the Court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

Pro se litigants are not required to file documents electronically. The Clerk's Office will enter any papers submitted by pro se litigants into the Court's electronic docketing system.

                                                                   **SO ORDERED.**

Dated:    Central Islip, New York
            June 22, 2017

                                                  /s/ A. Kathleen Tomlinson
                                                  A. KATHLEEN TOMLINSON
                                                  U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
[Plaintiff],

                Plaintiff(s),        **[SAMPLE] INITIAL CASE MANAGEMENT AND SCHEDULING ORDER**

    -against-        [CV #]  ([USDJ's Initials]) (AKT)

[Defendant],

                Defendant(s).

---------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**  **DEADLINES AND COURT APPEARANCES**

| | |
|---|---|
| Deadline for completion of initial disclosures required by Rule 26(a): | [Initial Conference ("IC") Date] |
| First request for production of documents and first request for interrogatories due by: | [IC Date + 35 days] |
| Responses to first request for production of documents and first set of interrogatories due by: | [IC Date + 79 days] |
| Deadline for joinder of additional parties and amendment of pleadings: | [IC Date + 91 days] |
| Status Conference: | [IC Date + 140 days] at [TIME] |
| All discovery, including production of all expert reports, if any, to be completed by: | [IC Date + 238 days] |
| Dispositive motion process started by: | [IC Date + 252 days] |
| Joint pretrial order due by: | [IC Date + 266 days] |
| Pretrial Conference: | [IC Date + 273 days] at [TIME] |

**II.**  **CHECKLIST FOR THE COURT**

    A.    Initial Disclosures: Counsel confirm that the Initial Disclosures have been served:

        Plaintiff:                                Defendant:

        ☐ Yes    ☐ No           ☐ Yes    ☐ No

    B.    Stipulation and Order of Confidentiality: Counsel confirm that they have

consulted in good faith regarding the need for such an order:

☐ Yes ☐ No

Based on that consultation, counsel find that a Stipulation and Order of Confidentiality is:

☐ Needed ☐ Not needed

C. <u>Electronically Stored Information ("ESI")</u>: Counsel confirm that they have met and conferred regarding the existence of any relevant ESI on both sides:

☐ Yes ☐ No

The parties have had some preliminary discussion about the type of ESI which is in their clients' respective possession or control and how they wish to have such ESI produced:

☐ Yes ☐ No

Based on those discussions, counsel are advising the Court that the relevant ESI consists of

1. _____
2. _____
3. _____
4. _____
5. _____

D. <u>HIPAA Release Authorizations</u>: Counsel confirm that such authorizations for this case are:

☐ Needed ☐ Not Needed

**SO ORDERED:**

Dated: Central Islip, New York

_____
A. KATHLEEN TOMLINSON
United States Magistrate Judge

2