**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

STEPHEN J. CATALANO,

     Plaintiff,

vs.

SETERUS, INC.,

     Defendant.

Civil Action No.: 17-cv-03471-LDW-AKT

## SETERUS'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant Seterus, Inc. ("Seterus"), by its counsel, answers and responds to the complaint ("Complaint") filed by plaintiff Stephen J. Catalano ("Plaintiff"), as follows:

### Answers to Allegations Regarding Parties, Jurisdiction, and Venue

1.     Plaintiff, Stephen J. Catalano ("Plaintiff') or ("Mr. Catalano"), is the owner of residential real property, located at and commonly known as 48 Fulton Boulevard, Commack, NY 11725 (the "Property") which he has occupied as his primary principal residence at all times relevant to this complaint.

**ANSWER:**  Seterus admits only that Plaintiff appears to be the owner of the real property commonly known as 48 Fulton Blvd., in Commack, New York ("Subject Property"), but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

2.     Defendant, Seterus, Inc. (hereinafter "Defendant" or "Seterus") is a national loan servicing company.

**ANSWER:**  Seterus admits only that it services loans in 50 "states" on behalf of loan owners , but otherwise denies the allegations contained in this Paragraph.

3.      Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692(a)(3) because he is a natural person who Seterus has alleged owes it a debt.

**ANSWER:** Seterus admits only that Plaintiff is a natural person and the allegations contained in this Paragraph only to the extent they are consistent with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

4.      Seterus, is a Delaware Corporation registered to do business in the State of New York with its principal office located at 14523 SW Millikan Way, Suite 200, Beaverton, Oregon, 97005 and its agent for service of process in New York is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

**ANSWER:** Seterus admits only that it is a corporation registered to do business in the state of New York and in other states, it has an office located at 14523 SW Millikan Way, Suite 200, in Beaverton, Oregon, and its registered agent in the state of New York is CT Corporation System, located at 111 Eighth Avenue, New York, New York 10011, but otherwise denies the allegations contained in this Paragraph.

5.      Seterus is the current servicer of the Note executed by Plaintiff (the "Note") and of a Mortgage on the Property that secures said Note (the "Mortgage"). Defendant services the Note and Mortgage (collectively referred to hereinafter as the "Loan") on behalf of Federal National Mortgage Association ("Fannie Mae"), the alleged owner of Plaintiffs Loan.

**ANSWER:** Seterus admits only that on or about November 13, 2002, Washington Mutual Bank, FA extended a loan with a principal balance of $210,000 ("Subject Loan"), secured by a mortgage ("Subject Mortgage") on the Subject Property, that Plaintiff executed a promissory note and the Subject Mortgage in connection with the Subject Loan, that Seterus is the current servicer of the Subject Loan, and Fannie Mae is the owner of the Subject Loan, but otherwise denies the allegations contained in this Paragraph.

6.      Seterus has been the servicer of the Loan since on or about September 1, 2014. Seterus became the servicer of the loan after the loan was in default and is thus a debt collector as that term is defined pursuant to 15 U.S.C. §1692(a)(6).

**ANSWER:**  Seterus admits only that payments on the Subject Loan were past due when Seterus began servicing the Subject Loan on September 1, 2014, and further admits the allegations contained in this Paragraph only to the extent they are consistent with the FDCPA, but otherwise denies the allegations contained in this Paragraph.

7.      Seterus, as the current servicer of the loan is subject to federal laws governing the servicing of mortgage loans.

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

8.      Seterus, failed in its duty to properly service Mr. Catalano's loan as set forth more fully herein-below, and since Seterus was given an opportunity to correct the servicing error and did not, Seterus intentionally and willfully committed an intentional tort, directing the tortious behavior to New York, with the situs of the injury being Commack, New York and the locale venue where the brunt of the harm was felt.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601, *et seq.* ("RESPA") and The Truth in Lending Act ("TILA") as contained in the Consumer Credit Protection Act as amended 15 U.S.C. §§1601, *et seq.* This action is filed to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) that became effective on January 10, 2014, specifically, 12 C.F.R. §1024.1, *et seq.* of Regulation X and 12 U.S.C. 1026.1 *et seq.* of Regulation Z.

**ANSWER:**  The allegations contained in the first sentence of this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.  Seterus admits only that Plaintiff filed a complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.   Seterus does not contest subject matter jurisdiction in this matter.

3

10.     This action also arises out of defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq. ("FDCPA").

**ANSWER:**  Seterus admits only that Plaintiff filed a complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

11.     This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. §1367.

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.  Seterus does not contest subject matter jurisdiction in this matter.

12.     Venue lies in this district pursuant to 28 U.S.C. §1391(b), as plaintiff resides and the property is located in New York.

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.  Seterus does not contest venue in this matter.

### Answers to Allegations Regarding the Nature of the Action

13.     Plaintiff restates and incorporates all of his statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

**ANSWER:**  Seterus restates and incorporates by reference its answers and responses to Paragraphs 1 through 12 as its answer and response to this Paragraph.

14.     In January 2013, the Consumer Financial Protection Bureau (hereinafter "CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd Frank Act, Public Law No. 111-203, 124 Stat. 1376 (2010).

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

15.     Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act Mortgage Servicing Final Rules, 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

16.     Further, on January 20, 2013, the CFPB also issued the Truth in Lending Act Final Rules, 78 F.R. 11279 (Regulation Z) (February 15, 2013), which became effective on January 10, 2014.  The plaintiffs Loan is a "federally related mortgage loan" as that term is defined by 12 C.F.R. §1024.2(b).

**ANSWER:**  The allegations contained in the first sentence of this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.  Seterus admits the remaining allegations contained in this Paragraph only to the extent they are consistent with the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA") and its implementing regulations, but otherwise denies the allegations contained in this Paragraph.

17.     This case concerns material errors that Seterus made in violating Regulation X and Regulation Z Regulations, and in failing to properly service Mr. Catalano's loan, by approving him for a temporary trial period plan and accepting payments from Mr. Catalano while at the same time pursuing a foreclosure action against him between April 20, 2016 and July 18, 2016, in violation of Regulation X's prohibition against pursuing a foreclosure sale during a trial period plan, more commonly known as "dual tracking" which is also a violation of New York Law, specifically 3 NYCRR 419(3).

**ANSWER:**  Seterus admits only that Plaintiff filed a complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

18.     Furthermore, since Seterus by its agent, Fein Such and Crane LLP was pursuing a foreclosure action, fees and costs were added to the Catalano's mortgage loan and thus the month statements sent by Seterus which must be accurate which is a violation of both Regulation X and Regulation Z.

**ANSWER:** Seterus admits only that Plaintiff filed a complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

19.     At all times relevant herein, Seterus serviced plaintiffs mortgage loan and was responsible to process Plaintiffs loss mitigation application and evaluation for mortgage relief options and to honor the terms of a Trial Period Plan Modification Offer which was accepted by Mr. Catalano, all as anticipated by 12 U.S.C. §§2601, et seq. and the Regulations promulgated thereunder.

**ANSWER:** Seterus admits only that it began servicing the Subject Loan on September 1, 2014, and further admits the allegations contained in this Paragraph only to the extent they are consistent with RESPA and its implementing regulations, but otherwise denies the allegations contained in this Paragraph.

20.     Defendant's actions in this loss mitigation effort did not meet the minimal standards of conduct for mortgage servicers under the newly-enacted "Regulation X" nor did Seterus meet the minimum standard promulgated under "Regulation X" or under "Regulation Z" and Seterus has caused the plaintiff great financial damage, humiliation, suffering, physical stress and emotional distress, further damage to his credit standing, and forced plaintiff to incur attorneys' fees, all of which will appear more fully below.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

21.     Seterus is subject to the aforesaid regulations and does not qualify for the exception for "small servicers" as defined in 12 C.F.R. §1026.41(e)(4) or the exemption for a "qualified lender" as defined in 12 C.F.R. §617.700.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with RESPA and its implementing regulations, but otherwise denies the allegations contained in this Paragraph.

22.     Plaintiff is asserting a claim for relief against Seterus for breach of the specific rules under Regulations X and Z as set forth below.

**ANSWER:**  Seterus admits only that Plaintiff filed a complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

23.     Plaintiff has a private right of action for the claimed breaches under RESPA pursuant to 12 U.S.C. §2605(f) and such actions provide for remedies including recompense for actual damages, statutory damages, and Plaintiffs' attorneys' fees.

**ANSWER:**  Seterus admits only that Plaintiff filed a complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

24.     Plaintiff has a private right of action for the claimed breaches under TILA pursuant to 15 U.S.C. §1641(f) and such actions provide for remedies including recompense for actual damages, statutory damages, and Plaintiffs' attorneys' fees.

**ANSWER:**  Seterus admits only that Plaintiff filed a complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

25.     Seterus is also a debt collector within the meaning of 15 U.S.C. §1692a(6). Seterus services this loan in an attempt to collect a debt asserted to be owed to Fannie Mae.

**ANSWER:**  Seterus admits only that it services the Subject Loan for Fannie Mae, and the allegations contained in this Paragraph only to the extent they are consistent with the FDCPA, but otherwise denies the allegations contained in this Paragraph.

26.     The Note that is the subject of the foreclosure matter is a debt within the meaning of 15 U.S.C. § 1692(a)(5).

**ANSWER:**  Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with the FDCPA, but otherwise denies the allegations contained in this Paragraph.

27.     Plaintiff also asserts a private right of action under FDCPA pursuant to 15 U.S.C. §1692k for Seterus' conduct in connection with a motion for summary judgment and is entitled to recover actual damages, costs, statutory damages, and attorney fees.

**ANSWER:** Seterus admits only that Plaintiff filed a complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

28. Plaintiffs RESPA claims, TILA Claims and FDCPA claims against defendant arises due to the failure of Seterus to comply with federal statutes.

**ANSWER:** Seterus admits only that Plaintiff filed a complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

### Answer to Purported Factual Allegations

29. On or before November 7, 2013, JP Morgan Chase Bank ("Chase") caused a foreclosure action to be filed against the plaintiff being known as *"JP Morgan Chase Bank* vs. *Catalano, Stephen J., et al."*, Index No. 017638/2013 (the "Foreclosure Matter"). **A copy of the docket for the Foreclosure Matter is attached hereto as Plaintiffs Exhibit A.**

**ANSWER:** Seterus admits only that on or about July 8, 2013, JPMorgan Chase Bank, N.A. ("Chase") filed a foreclosure complaint in Suffolk County, bearing Case No. 13-17638 ("Foreclosure Proceeding"), and that the document attached as Exhibit A to the Complaint appears to be a copy of the online docket for the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

30. Upon information and belief, while the state court foreclosure action was pending, Chase assigned the loan to Fannie Mae on or about January 15, 2015.

**ANSWER:** Seterus admits only that on or about January 15, 2015, Chase assigned the Subject Mortgage to Fannie Mae, but otherwise denies the allegations contained in this Paragraph.

31. Sometime thereafter, but before the operative facts of this action arose, servicing was transferred from Chase to defendant Seterus, with Seterus assuming full responsibility for servicing in January 2015.

**ANSWER:** Seterus admits only that it began servicing the Subject Loan on or about September 1, 2014, but otherwise denies the allegations contained in this Paragraph.

32.     Specifically, Mr. Catalano submitted an application which was submitted to Seterus by his prior counsel in or about January 2016.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

33.     Seterus sent correspondence to Mr. Catalano dated April 20, 2016, informing him that he was approved for a Trial Period Plan (the "TPP") under the Home Affordable Modification Program ("HAMP").  **A copy of the TPP is attached hereto as Plaintiffs Exhibit B.**

**ANSWER:**  Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the correspondence dated April 20, 2016, a partial copy of which appears to be attached as Exhibit B to the Complaint, but otherwise denies the allegations contained in this Paragraph.

34.     Thereafter, the plaintiff attempted and successfully secured an affordable loan modification from Seterus, which plaintiff accepted in a timely manner, making on time payments each month in strict accordance with the Trial Period Plan that was offered to plaintiff by Seterus and promptly and properly accepted in accordance with the terms of the TPP.

**ANSWER:**  Seterus admits only that it extended a Trial Period Plan to Plaintiff, that Plaintiff made some payments under the Trial Period Plan, but otherwise denies the allegations contained in this Paragraph.

35.     The TPP stated that Mr. Catalano was required to pay three (3) monthly trial payments of $2,552.34 which were due June 1, 2016, July 1, 2016 and August 1, 2016.

**ANSWER:**  Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the correspondence dated April 20, 2016, a partial copy of which appears to be attached as Exhibit B to the Complaint, but otherwise denies the allegations contained in this Paragraph.

36.     Despite the fact that the time to accept the TPP offer had not passed, and in complete derogation of both Federal and New York law, Fein Such & Crane LLP, upon information and belief, at Seterus' direction, filed a motion for summary judgment in the still pending state court foreclosure action.

**ANSWER:**  Seterus admits only that it extended a Trial Period Plan to Plaintiff, and further admits the allegations contained in this Paragraph only to the extent they are consistent with the record in the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

37.     On June 2, 2016, despite the fact that Seterus had received the accepted TPP and upon information and belief had also received Mr. Catalano's first Trial Plan Payment, Seterus, filed a Motion for Summary Judgment and Order of Reference against Mr. Catalano in the Foreclosure Matter (the "Motion"), returnable on June 24, 2016, in violation of 12 C.F.R. §1024.41(g).  **Copy of the Motion for Summary Judgment in the State Court Action attached hereto as Plaintiffs Exhibit C.**

**ANSWER:**  Seterus admits only that it extended a Trial Period Plan to Plaintiff, and further admits the allegations contained in this Paragraph only to the extent they are consistent with the record in the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

38.     The defendant's motion for summary judgment was served on Mr. Catalano at his home despite his having paid his first trial plan payment prior to being served.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

39.     Understandably, plaintiff was shocked, depressed and emotionally distressed as defendants' actions destroyed his optimism that he would be able to stay in his home, the entire purpose of obtaining a loan modification.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

40.     The shock to Mr. Catalano and his family that they believed they would lose their home despite being granted a loan modification was so great that Mr. Catalano's wife was forced double her dosage of anxiety medication and to see a therapist three times per week, a fact that wore heavily upon Mr. Catalano, both emotionally and financially.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

41.     Mr. Catalano immediately called your affiant's office frantically seeking advice and counsel regarding the Motion for Summary Judgment.

**ANSWER:** Seterus lacks information or knowledge sufficient to form a belief as to the truth or

falsity of the allegations contained in this Paragraph.

42.     Your affiant reviewed the paper work and, prior to filing an affirmation in opposition to defendant's motion for summary judgment, called Fein to inform them that a mistake was made. Your affiant requested that the Motion for Summary Judgment be voluntarily withdrawn prior to preparing opposition papers to the motion because the filed motion was in violation of 12 C.F.R §1024.41(g) of Regulation X.

**ANSWER:** Seterus lacks information or knowledge sufficient to form a belief as to the truth or

falsity of the allegations contained in this Paragraph.

43.     Nevertheless, Defendants refused to withdraw the Motion despite being put on notice that the motion was made in violation of both Federal and State Law.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent they are

consistent with the record in the Foreclosure Proceeding, but otherwise denies the allegations

contained in this Paragraph.

44.     Thus, Mr. Catalano was unnecessarily forced to pay Aronow Law, P.C. ("Aronow") to answer the motion and appear in court on his behalf (the "Opposition"), incurring approximately $3,500.00 in legal costs that should never have been necessary to pay.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent they are

consistent with the record in the Foreclosure Proceeding, but otherwise denies the allegations

contained in this Paragraph.

45.     On June 16, 2016, your affiant's office filed an Affirmation in Opposition to plaintiff's motion for summary judgment on Mr. Catalano's behalf. **Copy of the Opposition attached hereto as Plaintiffs Exhibit D.**

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent they are

consistent with the record in the Foreclosure Proceeding, but otherwise denies the allegations

contained in this Paragraph.

46.     Upon receipt of the opposition papers, defendant's counsel, Fein called your affiant's office seeking to adjourn the motion for summary return date to July 22, 2016 instead of immediately withdrawing the motion.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with the record in the Foreclosure Proceeding, but otherwise lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

47.     Despite clear evidence that Fein had deceptively sought to collect a debt that it had no legal right to collect, and despite Fein's puzzling request to adjourn the motion date instead of immediately withdrawing the motion, your affiant's office agreed to the adjournment.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with the record in the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

48.     Dubiously[1], not until July 18, 2016, after three (3) month time frame in which trial plan payments were required to be made, (which were timely and successfully made), during which time defendants had actual and constructive knowledge that plaintiff had accepted the TPP prior to filing their motion for Summary Judgment, Seterus, through counsel finally submitted a request in the Foreclosure Action to withdraw their Motion for Summary Judgment without prejudice.

**ANSWER:** Seterus admits only that it extended a Trial Period Plan to Plaintiff, that Plaintiff made some payments under the Trial Period Plan, and further admits the allegations contained in this Paragraph only to the extent they are consistent with the record in the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

49.     Thankfully, Defendants finally recognized that they were legally required to withdraw the illegal motion, but not before Plaintiff, a person who was in a financially vulnerable position in the first place, was required to pay $3,500 in attorneys' fees to oppose the motion.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with the record in the Foreclosure Proceeding, but otherwise lacks information or

---

[1] Dubiously because Defendants adjourned the offending motion to a date when they would be certain all of Plaintiff's mortgage Trial Plan payments were made.

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

50.     Thereafter, Seterus extended Mr. Catalano a permanent HAMP Agreement (the "Final Agreement").  **A copy of the Agreement is attached hereto as Plaintiffs Exhibit E.**

**ANSWER:**  Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with the document attached as Exhibit E to the Complaint, but otherwise denies the allegations contained in this Paragraph.

51.     Mr. Catalano executed the Agreement on August 18, 2016, and Seterus countersigned the Agreement on August 23, 2016.  See **Exhibit E.**

**ANSWER:**  Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with the document attached as Exhibit E to the Complaint, but otherwise denies the allegations contained in this Paragraph.

52.     Defendants' actions demonstrate a quintessential example of the prohibited "Dual Tracking" by simultaneously actively pursuing foreclosure and putatively receiving an accepted TPP, all to the Plaintiffs great prejudice and damage.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

53.     But for Seterus failing to realize that it had received a properly and timely accepted a trial payment plan and had recognized that they were in possession of the successful first payment thereunder, Mr. Catalano would not have been forced to retain an attorney to oppose the motion incurring pecuniary "actual damages".

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

54.     Nor would Mr. Catalano and his family have had to suffer through sleepless nights for fear that despite accepting the TPP and successfully and timely making a payment, they would have their home ripped away from them, rendering them homeless.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

55.     Instead, because of Seterus' willful and reckless behavior and myriad errors, for illegally and deceptively seeking to collect a debt that they had no legal basis to collect, Seterus whose agent Fein directly and proximately caused the following damages to Mr. Catalano which

were all set forth in a Notice of Error sent to Seterus on November 7, 2016, which include but are not limited to:

      A.    The Cost to retain legal counsel to file an Opposition to Seterus' Motion in the Supreme Court of the State of New York which would never had taken place had Seterus not filed the Motion in violation of §1024.41(g).

      B.    He suffered emotional distress which included learning that Seterus was proceeding with the Foreclosure Action despite having offered him a TPP modification.

      C.    Myriad fees and corporate advances that were excessive and which Seterus had no basis to charge were included in his mortgage statements and in the limited transaction history that Seterus did provide eventually in response to Plaintiffs RFI[2]. As a result of the foregoing, Seterus inculcated many additional fees and costs into Mr. Catalano's mortgage loan which were included in the final number which appeared in the permanent loan modification as the final figure to be paid at the end of the loan modification term.

      D.    The fees which were included in amount due in his permanent loan modification increased his final payoff number because it included the costs of sixteen property inspection fees in a fifteen month period, even though Plaintiff was actively seeking a loan modification during that time. Additionally, Seterus charged Mr. Catalano a Sherriff s fee despite the fact that no foreclosure had taken place. The fees charged were excessive and Seterus had no basis for charging the aforementioned fees, in violation of Regulation Z since these illegal fees necessarily made each and every mortgage statement inaccurate despite a legal duty to provide accurate payoff statements.

**ANSWER:** Seterus denies the allegations contained in this Paragraph, including all subparts.

**ANSWER TO COUNT I**
**Alleged Violation of 12 C.F.R. § 1024.41(g)**

    56.    Plaintiff restates and incorporates all of his statements and allegations contained in the preceding paragraphs in their entirety, as if set forth more fully herein.

**ANSWER:**    Seterus restates and incorporates by reference its answers and responses to Paragraphs 1 through 55 as its answer and response to this Paragraph.

---

[2] Plaintiff requested a complete transaction history from the inception of the loan until present. What Plaintiff received was a very brief transaction history which covered transaction which were made over the last three year period.

57.     12 C.F.R. 1024.41(a) expressly states that a borrower may "enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."

**ANSWER:** The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

58.     12 CFR 1024.41(g) provides in relevant part:

(g)     If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless...

(1)     The servicer has sent the borrower a notice pursuant to paragraph (c)( 1 )(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;

(2) The borrower rejects all loss mitigation options offered by the servicer; or

(3) The borrower fails to perform under an agreement on a loss mitigation option.

**ANSWER:** The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

59.     The Official Commentary to 12 CFR 1024.41(g) provides in relevant part:

41(g) Prohibition on foreclosure sale.

1.     Dispositive motion. The prohibition on a servicer moving for judgment or order of sale includes making a dispositive motion for foreclosure judgment, such as a motion for default judgment, judgment on the pleadings, **or summary judgment**, which may directly result in a judgment of foreclosure or order of sale. A servicer that has made any such motion before receiving a complete loss mitigation application has not moved for a foreclosure judgment or order of sale if the servicer takes reasonable steps to avoid a ruling on such motion or issuance of such order prior to completing the procedures required by § 1024.41, notwithstanding whether any such action successfully avoids a ruling on a dispositive motion or issuance of an order of sale. *(emphasis added).*

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

60.     Seterus was in possession of a complete loss mitigation application on or before April 20, 2016, more than a month prior to willfully and tortuously filing a Motion for Summary Judgment.  **See Plaintiffs Exhibit B.**

**ANSWER:**  Seterus admits only that it received a complete borrower response packet on or before April 20, 2016, but otherwise denies the allegations contained in this Paragraph.

61.     At the time Seterus was in possession of plaintiffs' complete loss mitigation application, no sheriff sale was scheduled for the property so the application was considered to have been received by Seterus more than ninety (90) days before any foreclosure sale pursuant to Comment 1 of the CFPB's Official Interpretations to 12 C.F.R. § 1024.41(b)(3).

**ANSWER:**  Seterus admits the allegations contained in this paragraph only to the extent they are consistent with the record in the Foreclosure Proceeding and the Consumer Financial Protection Bureau's ("CFPB") official interpretations of 12 C.F.R. § 1024.41, but otherwise denies the allegations contained in this Paragraph.

62.     Seterus, on behalf of Fannie Mae, thereafter caused Fein to file a Motion for Summary Judgment dated May 26, 2016 and filed on June 2, 2016 (One day after Mr. Catalano's 1st trial payment was received).

**ANSWER:**  Seterus admits only that it received a payment of $2,552.34 on or about May 24, 2016, and further admits the allegations contained in this paragraph only to the extent they are consistent with the record in the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

63.     At no point prior to May 26, 2016, did Seterus send notice stating that the Plaintiff was ineligible for a loss mitigation option pursuant to Seterus' review of the application, nor had Plaintiff rejected or failed to perform upon any loss mitigation option offered to him.

**ANSWER:**  Seterus admits only it extended a Trial Period Plan in response to Plaintiff's borrower response packet, that Plaintiff made payments under the Trial Period Plan, but otherwise denies the allegations contained in this Paragraph.

64.     Seterus' actions in causing Fein to file the Motion for Summary Judgment while a TPP offer was pending review violated 12 C.F.R. §1024.41(g).

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.  To the extent a response is required, Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA") and its implementing regulations, but otherwise denies the allegations contained in this Paragraph..

65.     Seterus' actions are part of a pattern and practice of behavior in violation of Regulation X.

**ANSWER:**  Seterus denies the allegations contained in this Request.

66.     At the time of the filing of this Complaint, Seterus has had more than One Thousand Four Hundred Seventy (1,470) consumer complaints lodged against them nationally, specifically concerning the issue identified on the CFPB's consumer complaint database as "loan modification, collection, foreclosure" related to mortgages.  Each such complaint is filed and catalogued in the CFB's publicly accessible online database. (http://www.consumerfinance.gov/complaintdatabase/).

**ANSWER:**  Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with the record in the CFPB's online database at http://www.consumerfinance.gov/complaintdatabase/, but otherwise denies the allegations contained in this Paragraph.

67.     Defendant's actions caused the Plaintiff to suffer actual damages, non-pecuniary actual damages in the form of embarrassment, stress, abuse and severe emotional distress and pecuniary damages, in the form of unnecessary legal fees to oppose defendant's illegal motion for summary judgment in the amount of $3,500.00 incurred to defend the Summary Judgment Motion.  Plaintiff is entitled to recover his actual damages, statutory damages, costs and attorney fees from the Defendant for its willful violation of RESPA's loss mitigation regulations.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### ANSWER TO COUNT II
### Alleged Violation of 15 U.S.C. § 1692d

68.     The Plaintiff restates and reincorporates all allegations contained in Paragraphs 1 through 67 as if fully restated herein.

**ANSWER:**    Seterus restates and incorporates by reference its answers and responses to Paragraphs 1 through 67 as its answer and response to this Paragraph.

69.     A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. (15 USC § 1692(d)).

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

70.     Seterus' conduct violated 15 U.S.C. § 1692d in that Seterus engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.  Specifically, Seterus extended a TPP modification offer then violated 1024.41(g) by seeking Summary Judgment.

**ANSWER:**  Seterus admits only it extended a Trial Period Plan to Plaintiff, and further admits the allegations contained in this Paragraph only to the extent they are consistent with the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

71.     As a result of Seterus' actions, Seterus is liable for actual damages, statutory damages, costs, and attorneys' fees pursuant to 15 USC § 1692(k).

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO COUNT III
### Alleged Violation of 12 C.F.R. § 1024.35(b)(5)

72.     The Plaintiff restates and reincorporates all allegations contained in Paragraphs 1 through 71 as if fully restated herein.

**ANSWER:**   Seterus restates and incorporates by reference its answers and responses to Paragraphs 1 through 71 as its answer and response to this Paragraph.

73.     12 C.F.R. §1024.35(b)(5) provides in relevant part that in the event a servicer makes an error by: "Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower."

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

74.     Seterus charged Mr. Catalano sixteen (16) property inspection fees in a fifteen (15) month period despite having knowledge that Mr. Catalano was seeking a loan modification at the time monthly property inspections were made and charged fees which were unreasonable and excessive which were folded into Mr. Catalano's mortgage loan.

**ANSWER:**  Seterus admits only that it performed property inspections due to the Loan's status, and that it assessed a reasonable fee for these property inspections, but otherwise denies the allegations contained in this Paragraph.

75.     Moreover, Seterus also charged a Sherriff s fee which was a charge Seterus has no basis to charge since the case was still pending in State Court and thus no basis to enlist the services of the Sherriff when no foreclosure sale was eminent.

**ANSWER:**   Seterus admits that on or about March 1, 2015, it incurred a sheriff's fee in connection with the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

76.     As a result of Seterus' actions, Seterus is liable to Mr. Catalano for actual damages, statutory damages, costs, and attorney's fees.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

77.    Mr. Catalano sustained actual damages in the form of legal fees and expenses paid to investigate claims for RESPA, for the erroneous fees, penalties and costs which were added to his mortgage account with any basis and for other violations by Seterus.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that

judgment be entered in its favor and against Plaintiff, with costs assessed, and requests that this

Court grant such further relief as it deems just and appropriate.

## ANSWER TO COUNT IV
### Alleged Violation of 12 C.F.R. § 1024.35(b)(6)

78.    Mr. Catalano repeats, re-iterates and re-alleges each and every statement and allegation contained in paragraphs "1 through 77" as if fully set forth herein.

**ANSWER:**    Seterus restates and incorporates by reference its answers and responses to

Paragraphs 1 through 77 as its answer and response to this Paragraph.

79.    12 C.F.R. §1024.35(b)(6) provides in relevant part that in the event a servicer makes an error for:

"Failure to provide an accurate payoff balance amount upon a borrower's request in violation of section 12 C.F.R. 1026.36(c) (3)"

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than

allegations of fact, and therefore no response is required.

80.    Seterus never corrected the mortgage balance from the date of receipt of the notice of error as Seterus' response to Mr. Catalano's notice of error indicates that Seterus found no error with the plaintiffs mortgage account as can be seen by the payoff quote which was sent in response to an RFI sent by Mr. Catalano on April 12, 2016.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

81.    The RFI was received and signed for by Seterus on April 21, 2016 which was due by the latest on June 9, 2016.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

82.     Seterus sent its response first on June 27, 2016 and in its response to the RFI it is clear that a number of charges were included in the Mortgage Loan that were excessive and unreasonable but were charged anyway.  **See Plaintiffs Exhibit "F".**

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

83.     Seterus violated and continues to violate 12 C.F.R. §1024.35(b) (6) for failure to provide an accurate payoff balance to Mr. Catalano because the balance owed continues to include charges which are unreasonable thus rendering the mortgage balance inaccurate.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

84.     As a result of Seterus' actions, Seterus is liable to Mr. Catalano for actual damages, statutory damages, costs, and attorney's fees.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

85.     Mr. Catalano sustained actual damages in the form of attorney's fees to oppose a motion for summary judgment that should never have been filed and expenses paid to investigate claims for RESPA and for other violations by Seterus.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### ANSWER TO COUNT V
### Alleged Violation of 12 C.F.R. § 1026.36(c)(3)

86.     Mr. Catalano repeats, re-iterates and re-alleges each and every statement and allegation contained in paragraphs "1 through 85" as if fully set forth herein.

**ANSWER:**     Seterus restates and incorporates by reference its answers and responses to Paragraphs 1 through 85 as its answer and response to this Paragraph.

87.     12 C.F.R. §1026.36(C)(3) provides in relevant part that:

"In connection with a <u>consumer</u> credit transaction secured by a <u>consumer</u>'s <u>dwelling</u>, a creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the <u>consumer</u>'s <u>obligation</u> in full as of a specified date"

**ANSWER:**  The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

88.     Seterus never corrected the mortgage balance from the date of receipt of the notice of error as Seterus' response to Mr. Catalano's NOE indicates that Seterus found no error with the plaintiffs mortgage account.

**ANSWER:**  Seterus admits the allegations contained in this Paragraph only to the extent they are consistent with the correspondence dated November 21, 2016, but otherwise denies the allegations contained in this Paragraph.

89.     The RFI was received and signed for by Seterus on April 21, 2016 which was due by the latest on June 9, 2016.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

90.     Seterus sent its response first on June 27, 2016 and in its response to the RFI it is Clear that a number of charges were included in the Mortgage Loan that were excessive and unreasonable but were charged anyway.  See Plaintiffs **Exhibit "F".**

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

91.     Seterus violated and continues to violate 12 C.F.R. §1024.35(b) (6) for failure to provide an accurate payoff balance to Mr. Catalano because the balance owed continues to include charges which are unreasonable thus rendering the mortgage balance inaccurate.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

92.     Seterus violated and continues to violate 12 C.F.R. §1024.35(b) (6) for failure to provide an accurate payoff balance to Mr. Catalano.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

93.     As a result of Seterus' actions, Seterus is liable to Mr. Catalano for actual damages, statutory damages, costs, and attorney's fees.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

94.     Mr. Catalano sustained actual damages in the form of attorney's fees for opposing a motion in a state court action that never should have been filed and expenses paid to investigate claims for RESPA and for other violations by Seterus.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

95.     Seterus violated and continues to violate 12 C.F.R. §1026.36(c) (3) of Regulation Z for failure to provide an accurate payoff balance to Mr. Catalano.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

96.     As a result of Seterus' actions, Seterus is liable to Mr. Catalano for actual damages, statutory damages, costs, and attorney's fees.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

97.     Mr. Catalano sustained actual damages in the form of attorney's fees and expenses paid to investigate claims for RESPA and for other violations by Seterus.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### ANSWER TO COUNT VI
### Alleged Violation of 15 U.S.C. § 1692e

98.     Plaintiff restates and reincorporates all allegations contained in Paragraphs 1 through 97 as if fully restated herein.

**ANSWER:** Seterus restates and incorporates by reference its answers and responses to Paragraphs 1 through 97 as its answer and response to this Paragraph.

99.     A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. (15 USC § 1692(e)).

**ANSWER:** The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.

100.     Seterus acted with deception by extending a TPP offer to the Plaintiff while seeking to simultaneously proceed to summary judgment against him in the Foreclosure Action despite 12 CFR 1024.41 specifically prohibiting Seterus to do so.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

101.    As a result of Seterus' actions, Seterus is liable for actual damages, statutory damages, costs, and attorneys' fees pursuant to 15 USC § 1692(k).

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### ANSWER TO COUNT VII
### Alleged Violation of New York General Business Law § 349

102.    The Plaintiff restates and reincorporates all allegations contained in Paragraphs 1 through 101 as if fully restated herein.  The Plaintiff is a "person" within the meaning of N.Y. Gen. Bus. Law § 349(h) N.Y. Gen. Bus. Law § 349(a) makes unlawful deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in New York State.

**ANSWER:**    Seterus restates and incorporates by reference its answers and responses to Paragraphs 1 through 101 as its answer and response to the first sentence of this Paragraph. Seterus admits that Plaintiff is a natural person, but the remaining allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.  To the extent a response is required, Seterus denies the remaining allegations contained in this Paragraph.

103.    Seterus' intentional and willful conduct complained of herein consisted of deceptive acts and practices in the form of misrepresentations and omissions during conduct of business in New York in violation of N.Y. Gen. Bus. Law § 349(a) including the dual tracking actions taken by Seterus, through Fein, by filing the Motion for Summary Judgment when the Plaintiff had entered a TPP agreement and even after defendant through its agent was informed about the dual tracking, the only action taken was to request adjournments for a three month period, failing to admit any error and causing plaintiff and his spouse considerable fear, stress, embarrassment, distress which resulted in plaintiffs spouse to double the dosage and frequency with which she took anxiety medication and forcing her to attend therapy sessions three times per week during which time the motion for summary judgment was needlessly pending causing marital problems, stress, emotional distress and increased costs and financial obligations due to the increase in his spouse's costs for medication and psychological therapy.  Seterus knew, or should have known, that the act of dual tracking by filing the Motion for Summary Judgment

when the Plaintiff had entered a TPP agreement was false and likely to deceive and mislead not only the Plaintiff but also the Trial Court.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

104.    Seterus' deceptive and misleading act directly, foreseeably, and proximately caused damages and injuries to the Plaintiff including actual damages, included by not limited to, attorney fees to defend the Motion for Summary Judgment.  As a result of Seterus' actions, Seterus is liable for actual damages, statutory damages, costs, and attorneys' fees pursuant to N.Y. Gen. Bus. Law §349.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### ANSWER TO COUNT VIII
### Alleged Violation of 3NYCRR 419.3

105.    Seterus was in possession of a complete loss mitigation application on or before April 20, 2016, more than a month prior, willfully and tortuously filing a Motion for Summary Judgment.  **See Plaintiffs Exhibit B.**

**ANSWER:**  Seterus admits that it received a complete borrower response packet on or before April 20, 2016, but otherwise denies the allegations contained in this Paragraph.

106.    At the time Seterus was in possession of Plaintiffs' complete loss mitigation application, no sheriff sale was scheduled for the property so the application was considered to have been received by Seterus more than ninety (90) days before any foreclosure sale pursuant to Comment 1 of the CFPB's Official Interpretations to 12 C.F.R. § 1024.41(b)(3).

**ANSWER:**  Seterus admits only that it received a complete borrower response packet on or before April 20, 2016, and further admits the allegations contained in this Paragraph only to the extent they are consistent with the CFPB's interpretations of 12 C.F.R. § 1024.41 and the record in the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

107.    Seterus, on behalf of Fannie Mae, thereafter caused Fein to file a Motion for Summary Judgment dated May 26, 2016 and filed on June 2, 2016 (One day after Mr. Catalano's 1st trial payment was received.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the record in the Foreclosure Proceeding, but otherwise denies the allegations contained in this Paragraph.

108.    At no point prior to May 26, 2016, did Seterus send notice stating that the Plaintiffs were ineligible for a loss mitigation options pursuant to Seterus' review of the application, nor had Plaintiff rejected or failed to perform upon any loss mitigation option offered to them.  Seterus' actions in causing Fein to file the Motion for Summary Judgment while a TPP offer was pending review violated 12 C.F.R. §1024.41(g).

**ANSWER:** Seterus admits only that it extended a Trial Period Plan to Plaintiff, that Plaintiff made some payments under the Trial Period Plan, but otherwise denies the allegations contained in this Paragraph.

109.    Pursuant to 3 NYCRR 419.3 Seterus, as a company registered and doing business in New York is required to obey New York Law.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with New York Law, but otherwise denies the allegations contained in this Paragraph.

110.    Pursuant to 3 NYCRR 419.3, Seterus is required at all times to conduct its business in accordance with the requirements as set forth in various Federal Consumer Protection Statutes, including but not limited to RESPA and the FDCPA in addition to being require to comply with New York State Consumer Protection Statutes, including but not limited to New York GBL §349.

**ANSWER:** Seterus admit the allegations contained in this Paragraph only to the extent that they are consistent with New York Law, but otherwise denies the allegations contained in this Paragraph.

111.    Seterus has violated numerous sections of RESPA, REGULATION X, REGULATION Z, FDCPA and NY GBL §349.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

112.    As such, Defendant is in violation of 3 NYCRR 419.3, and as such is entitled to a declaratory judgment.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that

judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and

requests that this Court grant such further relief as it deems just and appropriate.

## Conclusion

113.    Defendant Seterus' "dual tracking" and delays in this case are consistent with their continuing poor mortgage servicing practices and utter failure to comply with the RESPA regulations contained in 12 CFR §1024.41 et seq.  Defendant's conduct is part of a pattern and practice and, pursuant to 12 USC §2605 (f)(1)(B) AND 15 U.S.C. § 1601 Plaintiff is entitled to statutory penalties for each and every violation of the regulations contained in 12 C.F.R. § 1024.35, 12 C.F.R. §1024.41, 12 C.F.R. § 1026 and N.Y. Gen. Bus. § 349.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

114.    As a direct and proximate result of Defendant's conduct and the distinct and ongoing violations above enumerated, Plaintiff suffered actual damage in the form of embarrassment with their neighbors, wasted time, frustration, and humiliation along with the emotional distress that follows from having their home put up for sheriff sale.  Plaintiff was forced to incur attorney fees and costs to investigate and prepare this suit and have suffered further damage to their already weakened credit profile.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

## Jury Demand

115.    Plaintiff hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

**ANSWER:**  Seterus admits only that Plaintiff's Complaint includes a demand for a jury trial, but

otherwise denies that it engaged in any violation of law or other wrongdoing, denies any and all

alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiff's Complaint, Seterus states as follows:

1.      On November 13, 2002, Washington Mutual Bank, FA extended a loan with an original principal balance of $210,000 ("Subject Loan"), secured by a mortgage ("Subject Mortgage") on the real estate commonly known as 48 Fulton Blvd, in Commack, New York ("Subject Property").

2.      Paragraph 7 of the Subject Mortgage provides as follows in relevant part:

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or forfeiture, or to enforce laws or regulations), **Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property.** Lender's actions may include appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs … Although Lender may take action under this Paragraph 7, Lender does not have to do so.

**I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7.** I will pay those amounts to Lender when Lender sends me a notice requesting that I do so.

Subject Mortgage, ¶ 7 (emphasis added).

3.      On or about July 8, 2013, JPMorgan Chase Bank, N.A. ("Chase") filed a foreclosure complaint in Suffolk County, bearing Case No. 13-17638 ("Foreclosure Proceeding").

4.      Seterus began servicing the Subject Loan on September 1, 2014.

## First Affirmative Defense

5.      Seterus restates and incorporates by reference the facts stated in Paragraphs 1-4 of its Affirmative Defenses above.

6.      To the extent that Plaintiff suffered any alleged damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by the Plaintiff's own failure to mitigate the alleged damages, and/or the alleged damages were caused in whole or in part by his own acts or omissions.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### Second Affirmative Defense

7.      Seterus restates and incorporates by reference the facts stated in Paragraphs 1-4 of its Affirmative Defenses above.

8.      To the extent that Plaintiff suffered any alleged damages, the existence of which are expressly denied, the alleged damages were caused in whole or in party by individuals and/or entities over whom Seterus had no control, right of control, or responsibility.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### Third Affirmative Defense

9.      Seterus restates and incorporates by reference the facts stated in Paragraphs 1-4 of its Affirmative Defenses above.

10.      Paragraph 7 of the Subject Mortgage provides as follows in relevant part:

If: (A) I do not keep my promises and agreements made in this Security Instrument, or
(B) someone, including me, begins a legal proceeding that may significantly affect

Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or forfeiture, or to enforce laws or regulations), **Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property.** Lender's actions may include appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs … Although Lender may take action under this Paragraph 7, Lender does not have to do so.

**I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7.** I will pay those amounts to Lender when Lender sends me a notice requesting that I do so.

Subject Mortgage, ¶ 7 (emphasis added).

11.     Plaintiff's allegations are barred by the terms of the Subject Mortgage.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### Fourth Affirmative Defense

12.     Seterus restates and incorporates by reference the facts stated in Paragraphs 1-4 of its Affirmative Defenses above.

13.     Seterus denies that it violated 15 U.S.C §§ 1692d and 1692e, and denies that it violated any other provision of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and denies that it violated or is otherwise liable under the FDCPA.

14.     Nevertheless, any alleged violation of the FDCPA based on documents served and/or filed in the Foreclosure Proceeding is barred by the statute of limitations in 15 U.S.C. § 1692k(d), or otherwise fails to state any valid cause of action.

15.     Moreover, any alleged violation of the FDCPA based on payoff statements sent outside of the statutory of limitations in 15 U.S.C. § 1692k(d) is time barred.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### Fifth Affirmative Defense

16.     Seterus restates and incorporates by reference the facts stated in Paragraphs 1-4 of its Affirmative Defenses above.

17.     Seterus denies that it violated 15 U.S.C §§ 1692d and 1692e, and denies that it violated any other provision of the FDCPA, and denies that it violated or is otherwise liable under the FDCPA.

18.     Nevertheless, any alleged violation of the FDCPA by Seterus would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

19.     Seterus's error-avoidance processes and procedures here included without limitation:

    a.     Strict prohibitions on harassing or abusing borrowers on mortgage loans serviced by Seterus; and

    b.     Strict prohibitions on attempting to in any way mislead or deceive or provide false information to borrowers on mortgage loans serviced by Seterus; and

    c.     Strict prohibitions on threatening to take any action that Seterus was not legally authorized to take, and/or that Seterus did not intend to take, against borrowers on mortgage loans serviced by Seterus; and

    d.     Strict prohibitions on attempting to treat borrowers unfairly.

20.    Therefore, to the extent that Plaintiff alleges error in Seterus's communications regarding the Subject Loan, the communications were not the result of a knowing or intentional act or acts by Seterus, and were thus an unknowing and unintentional bona fide error, notwithstanding the maintenance of mandatory processes and procedures reasonably adapted by Seterus to avoid any such error.

21.    Accordingly, even if a violation of the FDCPA had in fact occurred as alleged, Seterus would not be liable under the FDCPA pursuant to 15 U.S.C. § 1692k(c).

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

The above affirmative defenses are based on the facts currently known to Defendants, and Defendants reserve the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

## Attorneys' Fees

Seterus entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1927, as Plaintiff's allegations are without merit, and/or are asserted in bad faith and for the purpose of harassment.

WHEREFORE, Seterus denies any and all liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

MAURICE WUTSCHER, LLP
Attorneys for Defendant
Seterus, Inc.
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
(908) 237-4550

**/s/ THOMAS R. DOMINCZYK**
Thomas R. Dominczyk

Date: August 7, 2017

**Certificate of Service**

I hereby certify that on **August 7, 2017** a true and correct copy of the foregoing document and all referenced exhibits was served via CM/ECF on all interested parties.

/s/ Thomas R. Dominczyk

33